IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **RAYMOND TATE,** ) | CASE NO. 7:20CV00245 |
| ) | |
| *Petitioner,* ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **UNITED STATES OF AMERICA, ET AL.,** ) | By: Hon. Glen E. Conrad |
| ) | Senior United States District Judge |
| *Respondents.* ) | |

Raymond Tate, a federal inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking for release from detention because limited law library access in prison has allegedly interfered with his ability to collaterally attack his federal conviction and sentence. After review of the record, the court will summarily dismiss the petition.

Court records indicate that Tate stands convicted in the United States District Court for the Eastern District of Tennessee in Chattanooga for distribution of 50 grams or more of cocaine base ("crack"), and three additional charges arising from evidence that Tate attempted to kill a confidential informant by shooting her in the face to prevent her from assisting in the prosecution against him. In November 2009, Tate was convicted by a jury on all charges, and he is serving a sentence of life plus ten years in prison. His direct appeal and his initial motion under 28 U.S.C. § 2255 were unsuccessful, in 2013 and 2015, respectively.

Tate arrived at the United States Penitentiary in Lee County, Virginia ("USP Lee"), on June 29, 2016. At USP Lee, Tate had access to law library computers and typewriters, but allegedly had no help from persons trained in the law. Tate filed a § 2241 petition in this court in April 2019, arguing that inadequate access to legal materials and assistance at USP Lee and invalid orders from the court of appeals denied him access to the courts in 2016-2018, in

violation of his First and Fifth Amendment rights. As relief, Tate asserted that under § 2255(e) and § 2241, this court should order his release from confinement. The court summarily dismissed Tate's § 2241 petition without prejudice for lack of jurisdiction. Tate appealed. The court of appeals disagreed with this court's conclusion that it lacked jurisdiction to address Tate's § 2241 claims under 28 U.S.C. § 2255(e). However, the court of appeals affirmed the dismissal of Tate's § 2241 petition "as modified to reflect a judgment on the merits." Tate v. United States, 788 F. App'x 224, 224 (4th Cir. Dec. 20, 2019) (unpublished).

In the current § 2241 petition, Tate states that he is presenting the same claims under the First and Fifth Amendments that he raised in his prior § 2241 petition in this court. Pet. 14, ECF No. 1. As relief, Tate seeks immediate release from prison or, in the alternative, reinstatement of his appeal, No. 15-6066, in the Sixth Circuit Court of Appeals, leave to commence a new appeal in that Court, or a new trial. Because the Fourth Circuit has already affirmed this court's prior dismissal of Tate's § 2241 claims under the First and Fifth Amendment on their merits, id., this court finds no basis on which to grant the relief that Tate seeks on these claims in his current § 2241 petition. Accordingly, the court will summarily dismiss those claims with prejudice as lacking merit under § 2241.

Tate also asserts that in his current § 2241 petition, he seeks "to raise six more grounds: Ineffective Assistance of Appellate Counsel, Fourth Amendment, Brady-Napue-Giglio, Evidentiary Objections, Denial of counsel, and Jurisdiction" ("additional claims"). Pet. 7, ECF No. 1. He cites to "Exhibit B, Amended Motion for a COA," an attachment to his petition. Id. Tate's § 2241 petition itself fails to make any arguments in support of these additional claims, however. Thus, these claims are not properly presented to this court for consideration.

Moreover, the motion attached as Exhibit B is a copy of a motion for a certificate of appealability, dated February 8, 2016, that Tate filed in the United States Court of Appeals for the Sixth Circuit, during his attempted appeal of the denial of his § 2255 motion. These are claims that the district court rejected in denying Tate's § 2255 motion. The Western District of Virginia is not an appellate court that could now rule differently on Tate's already rejected § 2255 claims under that statute. Then, the Sixth Circuit denied Tate's motion for a certificate of appealability of those issues by order entered April 8, 2016, finding that Tate had not made a substantial showing of the denial of any constitutional rights as required under 28 U.S.C. § 2253(b). See Tate v. United States, No. 15-6066 (6th Cir. Feb. 13, 2016) (unpublished). Absent extraordinary circumstances not present here, this court cannot reconsider claims that have already been addressed and rejected by a higher federal court. See, e.g., Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (holding criminal defendant cannot "recast, under the guise of collateral attack, questions fully considered" by court of appeals).

Furthermore, this court cannot address Tate's already rejected § 2255 claims merely because he has now recast them as habeas claims under § 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) ("savings clause"). This section opens a narrow window allowing claims ordinarily raised in a § 2255 motion to be presented in a § 2241 petition. The savings clause exception requires showing, at a minimum, that the habeas claim itself is based on an applicable change in the law which occurred after the prisoner's initial § 2255 motion. See United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (sentence challenges); In re Jones, 226 F.3d 328,

3

333-34 (4th Cir. 2000) (conviction challenges). Tate has made no such showing. Indeed, he relies on the same law in support of his additional claims that he presented in his motion to the Sixth Circuit. Meeting the requirements of the savings clause is a jurisdictional requirement for this court to address Tate's additional claims in a § 2241 petition, <u>Wheeler</u>, 886 F.3d at 423, and Tate has not met that requirement. Accordingly, the court will dismiss these additional claims without prejudice for lack of jurisdiction. An appropriate order will issue this day.

The clerk is directed to send copies of this memorandum opinion and the accompanying order to Tate.

ENTER: This __4th__ day of November, 2020.

_____
Senior United States District Judge