IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **RAYMOND TATE,** | ) CASE NO. 7:20CV00245 |
| | ) |
| Petitioner, | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| **UNITED STATES OF AMERICA, ET AL.,** | ) By: Hon. Glen E. Conrad |
| | ) Senior United States District Judge |
| **Respondents.** | ) |

By opinion and order entered on September 25, 2019, the court dismissed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. The pro se petitioner, Raymond Tate, moves to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. The court concludes that the motion must be denied.

As discussed in the court's prior memorandum opinion, Tate is serving a life sentence imposed in 2009 by the United States District Court for the Eastern District of Tennessee for drug trafficking and attempting to kill a confidential informant. He has raised various challenges to his confinement on direct appeal, in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the sentencing court, and in a prior § 2241 petition in this court. All of these efforts have been unsuccessful.

In the present § 2241 case, Tate repeated claims raised in his prior § 2241 action that inadequacies in prison legal resources prevented him from filing a petition for a writ of certiorari after the Sixth Circuit Court of Appeals refused his appeal from the sentencing court's denial of his § 2255 motion. This court denied these § 2241 claims because the Fourth Circuit Court of Appeals affirmed the dismissal of the same claims on the merits in Tate's prior petition. See Tate v. United States, 788 F. App'x 224, 224 (4th Cir. Dec. 20, 2019) (unpublished). Tate

claims that this court's ruling was in error, because he has provided additional materials in support of his claims in the present § 2241 petition.

Tate's current § 2241 petition also raised claims of ineffective assistance of appellate counsel, denial of counsel, evidentiary and jurisdictional objections, prosecutorial misconduct, and Fourth Amendment violations. The court dismissed these claims for three reasons: (a) they were not presented or argued in the petition itself; (b) the Sixth Circuit, in a detailed opinion, had already rejected the same claims as without merit when Tate raised them in a motion for certification to file a second § 2255 motion, see Pet. Ex. C, ECF No. 1-1; and (c) Tate did not demonstrate grounds for this court's jurisdiction to address the claims under § 2241. Tate now contends, for various reasons, that the court's rulings on these claims were clearly erroneous and must be amended.

The relief Tate seeks under Rule 59(e) "is an extraordinary remedy that should be applied sparingly" and only in "exceptional circumstances." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). "A Rule 59(e) motion may be granted only in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.'" Id. Applying these principles, the court concludes that Tate is not entitled to relief under Rule 59(e).

First, the court is not persuaded by any of the new material or arguments that Tate presents in his current petition that his alleged difficulties in obtaining legal materials in prison support any viable constitutional claim on which he is entitled to habeas relief under § 2241. See Lewis v. Casey, 518 U.S. 343, 356 (1996) (prison legal assistance programs are constitutionally sufficient if they afford inmates reasonably adequate opportunities to file nonfrivolous legal

claims challenging their convictions or conditions of confinement).  Second, as to Tate's other claims, this district court cannot address in habeas proceedings claims that have already been addressed and rejected by a court of appeals.  Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).  Finally, Tate has not identified any change in substantive law since his § 2255 motion that renders his offense conduct noncriminal or makes any aspect of his sentences fundamentally defective.  See United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (sentence challenges); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (conviction challenges).  Thus, he has not demonstrated that this court can address in a § 2241 petition the challenges to his underlying criminal convictions and sentences.

For the stated reasons, the court will deny the motion to alter or amend the judgment dismissing Tate's § 2241 petition.  An appropriate order will issue this day.

The clerk will send a copy of this opinion and the accompanying order to Tate.

**ENTER**:  This  29th  day of January, 2021.

_____
Senior United States District Judge